Kalis v Mesbah (2024 NY Slip Op 51852(U))

[*1]

Kalis v Mesbah

2024 NY Slip Op 51852(U)

Decided on November 20, 2024

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 20, 2024
Civil Court of the City of New York, Queens County

Margareta Kalis, Petitioner,

against
Zohra Mesbah AKA MESBAH ZOHRA, METALI EL BIALY AKA METALI RAHMAN, 
 ESSRA ELBIALY, EKRAM EL BIALY, Ahmed El Bialy, "John" "Doe", Respondent(s).

Index No. LT-317083-23/QU

Enedina Pilar Sanchez, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations
Memoranda of Law 3
Procedural Background
The motion before the Court is Respondent's Order to Show Cause, filed July 15, 2024, to restore this proceeding and for an order to enforce Petitioner's compliance with the parties' March 5, 2024 stipulation settling this proceeding.
Respondent argues that Petitioner has violated by the terms of the stipulation by failing to tender $15,000.00 to Respondent despite Respondent having surrendered the subject premises. Petitioner filed opposition to this Order to Show Cause on September 16, 2024, arguing that Respondent had not timely surrendered as required by the settlement stipulation because Respondent had not surrendered possession by 5:00 PM on June 6, 2024 per the stipulation, and the premises was not left in "broom clean" condition per the terms of the stipulation. Petitioner in turn asserts that the $30,800.00 in rental arrears conditionally waived per the stipulation are now due, along with any outstanding use and occupancy, and that the $5,000.00 Petitioner paid to Respondent on May 25, 2024 per the stipulation should be returned, but also maintains that this court now lacks jurisdiction to adjudicate these claims. The motion was argued before this court on September 23, 2024.
[*2]Analysis and Conclusion
Once a summary proceeding has terminated, the court lacks jurisdiction to entertain further motion practice, see, e.g., 1472 Props., LLC v. Solanki, 52 Misc 3d 139(A) [Sup Ct. App. Term 2nd Dept. 2016]. Even where the language of a stipulation may include an attempt to preserve such a right, the Housing Court lacks jurisdiction where the proceeding is no longer pending, Jung Ho Lee v. Green World Cleaners, 61 Misc 3d 155(A) [Sup. Ct. App. Term 2nd Dept. 2018] ("Once the proceeding terminated, the Civil Court lacked jurisdiction to entertain landlord's motion to, in effect, to amend the final judgment to include a monetary award for damage to the premises and for unpaid water bills, notwithstanding the attempt in the stipulation to reserve landlord's right to so move.") See also Goldburd v. Langer 62 Misc 3d 140(A) [Sup Ct. App. Term 2nd Dept. 2019].
In the instant proceeding, Respondent asks this court to enforce a payout clause of a settlement agreement that also included a final judgment, after the Respondent had surrendered possession. While Petitioner disputes that Respondent complied with the terms of the stipulation, even were this not in dispute, the absence of a possessory issue removes this case from the court's jurisdiction, see, supra 1472 Props. ("Once the proceeding terminated, the Housing Part, which has jurisdiction over summary proceedings . . . lacked jurisdiction to entertain tenant's motion for the entry of a money judgment pursuant to the stipulation . . . "). Where Petitioner asserts that Respondent failed to timely surrender the subject premises by the terms of the parties' stipulation, this Court similarly lacks jurisdiction to enforce the agreement where judgment has been entered and possession surrendered, Jung Ho Lee v. Green World Cleaners 1, LLC 61 Misc 3d 155(A) [Sup. Ct. App. Term NY 2018] (where landlord's motion to amend final judgment to include a monetary award for unpaid bills and alleged failure to leave the premises "vacant and broom clean."). The nature of the summary proceeding does permit this Court to continue to adjudicate claims that may arise between the parties once the issue of possession has been resolved. Respondent may seek relief in a plenary action.
Accordingly, Respondent's Motion to Restore this matter must be denied.
This Decision/Order will be filed and uploaded to NYSCEF.
This constitutes the Order of the Court.
Dated: November 20, 2024
Queens, New York
SO ORDERED,
Hon. ENEDINA PILAR SANCHEZ
J.H.C.